IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| BILLY WAYNE LEWIS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:14cv848 |
| WILLIAM STEPHENS | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Billy Lewis, proceeding *pro se*, filed a federal habeas corpus petition under civil action no. 6:14cv835. This petition raised three grounds for relief, of which the third complained that Lewis was housed with another person in a cell providing less than 45 feet per person. The magistrate judge determined that this claim concerned the conditions of Lewis' confinement and thus had to be brought as a civil rights lawsuit under 42 U.S.C. §1983 rather than in a habeas corpus petition. The magistrate judge severed the claim into the present civil action. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

At the time of severance, the magistrate judge ordered Lewis to pay the filing fee for civil actions or seek leave to proceed *in forma pauperis*, and to fill out a new complaint form. In response, Lewis filed a "request for corrections and removal of Magistrate Judge Love," stating that he wished to remove the complaint of improper housing and that it was moot in any event because he is now in "constitutional housing."

The magistrate judge interpreted Lewis' response as a request to dismiss this civil action and recommended that the request be granted. Lewis filed a response to the report asking for

1

clarification, stating that he had no objection to the dismissal of the civil case but he did object to the dismissal of his habeas petition.

The records of the case show that Lewis filed a habeas corpus petition raising several claims, one of which concerned the conditions of his confinement. The Fifth Circuit has held that claims regarding the conditions of confinement must be brought in a civil rights lawsuit rather than a habeas corpus petition. The magistrate judge therefore recommended that the one claim challenging the conditions of confinement be severed from the habeas petition and put into a separate civil rights lawsuit, the proper vehicle for bringing such a claim.

Lewis then filed a motion asking to "remove" this complaint and stating that it was moot in any event. The magistrate judge treated this as a request to voluntarily dismiss the civil rights lawsuit and recommended that it be granted. The magistrate judge specified that dismissing the civil rights case would not affect Lewis' pending habeas corpus petition. Lewis' response expressed no objections to the dismissal of the civil rights case.

The Court has reviewed the pleadings and the report of the magistrate judge. Upon such review, the Court has concluded that the magistrate judge's report is correct. It is accordingly

**ORDERED** that the report of the magistrate judge (docket no. 4) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** at the request of the Plaintiff. The dismissal of this civil action shall have no effect upon the Plaintiff's habeas petition, civil action no. 6:14cv835. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 12th day of February, 2015.**

2

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE